UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RICHARD W. BECK,

               Plaintiff,             CIV. S-04-0032 FCD PAN

       v.

JO ANNE B. BARNHART,             Findings and Recommendation
Commissioner of Social
Security,

              Defendants.

—o○o—

      Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

      If the claimant meets eligibility requirements, the Commissioner bases his decision upon a five-step analysis. First, the claimant must not currently be working.  20 C.F.R. § 404.1520(b).  Second, the claimant must have a "severe" impairment.  20 C.F.R. § 404.1520(c).  Third, the medical

evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 404.1520(d).  Fourth, if the claimant can do his past work benefits are denied.  20 C.F.R. § 404.1520(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded.  20 C.F.R. § 404.1520(f).

Defendant found plaintiff was eligible, suffered from "status post lumbar fusion, early bilateral degenerative hip changes, left ankle degenerative arthritis, obesity, and early bilateral hip degenerative changes" but no listed impairment, that his physical limitations do not preclude his past work as an estimator and that he is not disabled.  Tr. 22.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence.  Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 510 (9th Cir. 1987).  The question is one of law.  Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance.  Bates v. Sullivan, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion.
Richardson, 402 U.S. at 401.  The court cannot affirm the
Commissioner simply by isolating supporting evidence but must
consider the entire record, weighing evidence that undermines as
well as evidence that supports the Secretary's decision.
Gonzalez v. Sullivan, 914 F.2d at 1200.  If substantial evidence
supports administrative findings, or if there is conflicting
evidence that will support a finding of either disability or
nondisability, the finding of the Commissioner is conclusive,
Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may
be set aside only if the proper legal standards were not applied
in weighing the evidence.  Burkhart v. Bowen, 856 F.2d 1335, 1338
(9th Cir. 1988).

Plaintiff claims defendant erroneously found plaintiff's
past work was sedentary and rejected the opinions of three
treating physicians and plaintiff's own testimony.  Plaintiff
requests the matter be remanded with directions to award
benefits.

Plaintiff previously worked as an estimator for a
construction company engaged in installing underground utilities
such as gas, electricity, telephone and television.  Tr. 35, 99.
He was required to drive to a construction site to oversee work
and testified that it became impossible for him to walk on uneven
ground and jump over trenches.  Tr. 36.  Defendant found he could
still perform this work because the Dictionary of Occupational
Titles defines work as an "estimator" as sedentary work.  Tr. 21.

Defendant satisfied her obligation to investigate fully the demands of plaintiff's past work. <u>See</u> Tr. 35, et seq. But defendant also was required to compare the demands of that work with plaintiff's residual physical capacity. <u>Sivilay v. Apfel</u>, 143 F.3d 1298 (9th Cir. 1998). This court cannot tell from the record how defendant concluded plaintiff could perform his past work as an estimator of underground utilities construction projects and therefore reverses the decision for further development of the record on this crucial question. Remand for award of benefits is not appropriate on the current record and the court declines to exercise its discretion so to do. <u>See</u> <u>Distasio v. Shalala</u>, 47 F.3d 348 (9th Cir. 1995).

Based on the foregoing, I recommend that this matter be reversed and remanded.

Dated:  May 25, 2005.

_/s/ Peter A. Nowinski_____
PETER A. NOWINSKI
Magistrate Judge